ROCKWOOD (OSGOOD v.). See Case No. 10,605.

———

## Case No. 11,988.

RODBIRD v. RODBIRD.

[5 Cranch, C. C. 125.] [1]

Circuit Court, District of Columbia.  March Term, 1837.

TAX SALES — HOW PAYMENT MADE — SURPLUS — VOID SALE.

1. A deed from the corporation of Washington upon the sale of a lot, for non-payment of the taxes upon it, is void unless the surplus of the proceeds of the sale, after deducting the taxes and expenses, was paid to the register of the corporation, or other person authorized by law to receive the same, with ten per cent. per annum, as interest thereon, computed from the expiration of two years from the day of sale until the actual payment of such surplus and the receiving the deed from the corporation.

2. If, at the time of a sale of a lot in Washington for non-payment of taxes, there was personal property thereon, of sufficient value to pay the taxes, the sale is null and void.

Ejectment [by Eliza Ann Rodbird against Ebenezer Rodbird] for lots Nos. 15 and 16, in square No. 620, in the city of Washington. At the trial it was admitted that Absalom Rodbird, Jr., was seized in fee of the lots,

———

[1] [Reported by Hon. William Cranch, Chief Judge.]

on the 30th of December, 1829, and died intestate in November, 1831, leaving the plaintiff's lessor his only heir at law. The defendant offered in evidence a deed in fee to himself from the corporation of Washington, duly executed and recorded, dated November 26, 1832, and offered evidence to prove that on the 30th of December, 1829, (the day of sale to the defendant,) there were due upon the said lots more than two years' taxes, and that no personal property was found, (liable to the payment of the same,) by the collector of taxes, who, however, had no recollection of going upon these particular lots or either of them for that purpose. That on the 30th of December, 1829, the lots in dispute were sold by the collector of taxes for the corporation of Washington, at a tax sale, to the defendant, after public notice, &c., for the sum of $18.82; the amount of the taxes and expenses (being $17.71) were then paid by the defendant to the collector, and the residue, or the surplus of the purchase money, (being $1.11) was, on the 28th of March, 1832, paid to a certain Absalom Rodbird, Sr., claiming to be the legal representative of the aforesaid Absalom Rodbird, Jr.

Whereupon, at the prayer of Mr. Marbury and Mr. Bradley, for the plaintiff, THE COURT, (THRUSTON, Circuit Judge, contra,) instructed the jury, that if they should believe from the said evidence, that the residue of the said purchase money, after deducting the amount of taxes due on the said lots, and the expenses of sale, was not paid, (within ten days after the expiration of two years from the day of sale, or at any time after the expiration of the said ten days, with ten per cent. per annum as interest thereon, computed thereon from the expiration of the two years aforesaid, until the actual payment of such residue, and the receiving of the said deed from the corporation,) to the register of the corporation, or other person, authorized by law to receive the same, then the deed of the corporation to the said defendant is void, and the plaintiff is entitled to recover in this action.

The plaintiff's counsel further offered evidence to prove that there were persons living upon the lots, or one of them, and that, at the time of sale, there was upon the lots, or one of them, personal property of sufficient value to satisfy the taxes. Whereupon, at the prayer of the plaintiff's counsel,

THE COURT (THRUSTON, Circuit Judge, contra), instructed the jury, that if, from the said evidence, they should be of opinion, that at the time of the said sale in 1829, there was personal property on the said lots or either of them, of sufficient value to pay the said taxes, then the said sale of the said lots was null and void. See Act Cong. May 15, 1820, § 10 (3 Stat. 583), "to incorporate the inhabitants of the city of Washington;" and the by-law of the corporation of Washington, of October 13, 1823 (Rothwell's City Laws, 161).

Verdict and judgment for the plaintiff.

The defendant took bills of exception, and sued out a writ of error, but did not prosecute it; and it was dismissed by the supreme court at January term, 1838.